**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| WILLIAM H. MCNERNEY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HALL COUNTY BOARD OF : <br> COMMISSIONERS and JAMES : <br> ALEXANDER, : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 2:09-CV-00038-RWS |

## **ORDER**

This case comes before the Court on Defendants' Motion for Judgment on the Pleadings [20] and Plaintiff's Motion to File Amended Complaint [24]. After a review of the record, the Court enters the following Order.

Plaintiff alleges that while incarcerated at the Hall County Correctional Institution, he was assigned to a work detail picking up tree limbs at the Chattahoochee Golf Course. Plaintiff claims that he was directed to ride unrestrained on the back of the truck driven by Defendant James Alexander, and that while doing so, he fell out of the truck and injured his neck. Plaintiff brings a 42 U.S.C. 1983 suit against Defendant Alexander in his individual

capacity for violations of his Eight Amendment rights.  Plaintiff additionally files state law claims for negligence and punitive damages against both Alexander and the Hall County Board of Commissioners.

**I.     Motion to Amend Complaint**

Plaintiff seeks leave to amend his original Complaint in order to incorporate factual evidence concerning a pattern and practice of requiring prisoners to ride unrestrained in the back of trucks. (Dkt. No. [24].)  Defendant opposes the amendments on the basis that they are untimely, prejudicial and futile. (Dkt. No. [25].)  While leave "shall be freely given when justice so requires[,]" Fed. R. Civ. P. 15 it need not be granted if the claim sought to be added is frivolous on its face or otherwise futile.  See Molina v. State of New York, 956 F. Supp. 257, 261 (E.D.N.Y. 1995).  The United States Court of Appeals for the Eleventh Circuit has addressed the application of Rule 16(b) in the context of amending pleadings.  According to the Eleventh Circuit, the liberal amendment standard of Rule 15(a) applies so long as the amendment is filed in accordance with the scheduling order's deadline. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).  However, if a party misses the scheduling order's deadline, then the party wishing to amend his pleading must

2

show good cause for modifying the deadline before the district court will consider the propriety of the amendment under Rule 15(a)'s standard. Id.

In the present case, the Preliminary Report and Scheduling Order endorsed by the Court noted that all amendments to the pleadings must be submitted within thirty (30) days of the filing of the joint preliminary report and discovery plan; i.e., August 5, 2009. Plaintiff filed the present motion seeking to amend his Complaint on August 26, 2009. Plaintiff has not submitted any reason, good faith or otherwise, to excuse his delay and allow modification of the deadline. There is no indication that Plaintiff recently learned of the events he seeks to incorporate into the amended complaint. Discovery has been stayed in this case since the conclusion of the allotted period. (See Order dated September 10, 2009.) Rather, Plaintiff's failure to comply with the Court's scheduling Order resulted from a lack of diligence in pursing the claim and a desire to intercept a ruling on Defendants' pending Motion for Judgment on the Pleadings. Accordingly, Plaintiff's Motion to File Amended Complaint [24] is **DENIED**.[1]

---

[1]Furthermore, the Court has reviewed the Amended Complaint and finds that it exhibits the same fatal errors as the Original Complaint (addressed in Section II). To allow the Plaintiff to amend the Complaint and further delay the resolution of this action

3

## II. Motion for Judgment on the Pleadings

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. Fed. R. Civ. P. 12; see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

In asserting a claim under 42 U.S.C. § 1983, Plaintiff contends that Defendant Alexander demonstrated a deliberate indifference to a substantial risk of serious harm to his health and safety. Plaintiff asserts that Defendants' intentional acts are in violation of his Eighth Amendment rights and resulted in his injuries. A valid Eighth Amendment claim of this kind has two components: (1) that the deprivation alleged is "objectively, sufficiently

---

would be an act of futility.

4

serious" and (2) it was caused by a prison official's act or omission, committed with a "sufficiently culpable state of mind amounting to a deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 831 (1994). In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To establish a defendant's deliberate indifference, the plaintiff has to show that the defendant had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" Cagle v. Sutherland, 334 F.3d 980, 987(11th Cir. 2003) (quoting McElligott v. Foley, 182 F.3d 1248, 1255.)

Neither negligence nor gross negligence will satisfy the deliberate indifference standard. See Farmer, 511 U.S. at 836, n.4. Rather, in the work assignment context, prison officials are deliberately indifferent when they "knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." Ray v. Mabry, 556 F.2d 881, 882 (8th Cir.1977.) Plaintiff must demonstrate that the officer had knowledge of the unsafe conditions, and

5

AO 72A
(Rev.8/82)

knowingly or recklessly declined to take actions that would have improved the conditions. Gilkerson v Worthey, 2008 WL 4194812, *4 (N.D.Fla. 2008) citing LeMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir.1993.)

The Court finds that Plaintiff's allegations do not give rise to an Eighth Amendment claim for cruel and unusual punishment. Even accepting the facts in the Complaint as true and viewing them in the light most favorable to the Plaintiff, such facts fall short of a constitutional violation. Plaintiff has not alleged that Defendant Alexander had any subjective knowledge of a serious risk of injury resulting from riding in the back of a truck while picking up limbs on a golf course. Without such allegation, Plaintiff's claim necessarily fails. Furthermore, while Plaintiff alleges that Defendant Alexander acted with deliberate indifference, there is no indication that the risk of danger was obvious. Intentionally requiring inmates to ride unrestrained in the back of a truck on a golf course, without evidence of a prior accident or injury, is not reckless conduct. Plaintiff has not shown that Defendant Alexander knew about and disregarded an excessive risk to Plaintiff's health or safety. Rather, Plaintiff's cause of action would be more appropriately characterized as a negligence claim. The Court finds that Plaintiff's Complaint fails to state a

6

claim under 42 U.S.C. § 1983. As such, the Court declines to grant supplementary jurisdiction over Plaintiff's state law claims. Defendants' Motion for Judgment on the Pleadings [20] is **GRANTED**.

## Conclusion

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings [20] is **GRANTED**. Plaintiff's Motion to File Amended Complaint [24] is **DENIED**.

**SO ORDERED** this  5th  day of March, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)